# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF THE SPECIAL MASTERS
### No. 12-439V
### Filed: July 3, 2013

```
*******************************************************
MARGARET ROUSE,                            *
Daughter and Executrix of the Estate of,   *
HENRY SUNDERMEYER,                         *
                        Petitioner,        *      Stipulation; Trivalent Influenza Vaccine;
                                           *      Significantly Aggravated COPD; Death
                v.                         *
                                           *
SECRETARY OF THE DEPARTMENT OF             *
HEALTH AND HUMAN SERVICES                  *
                        Respondent.        *
*******************************************************
```

Thomas Gallagher, Esq., Gallagher Law Firm, Somers Point, NJ, for petitioner.
Linda Renzi, Esq., US Dept. of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Vowell**, Special Master:

   Margaret Rouse ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf Henry Sundermyer ["vaccinee"] on July 9, 2012.  Petitioner alleges that a flu vaccine administered on January 18, 2011, significantly aggravated the vaccinee's underlying COPD and other pulmonary conditions and that the vaccinee subsequently died as a result of this alleged vaccine-related injury.  *See* Stipulation, filed July 2, 2013, at ¶¶ 2, 4.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Respondent denies that influenza vaccine significantly aggravated any pre-existing condition of the vaccinee and denies that the vaccination caused any other injury or is the cause of the vaccinee's death. Stipulation at ¶ 6. Nevertheless, the parties have agreed to settle the case. On July 2, 2013, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to pay petitioner:

> **A lump sum of $60,000.00 in the form of a check payable to petitioner, as conservator/legal representative of Henry Sundermyer's estate.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The special master adopts the parties' stipulation attached hereto, and awards compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Denise K. Vowell**
Denise K. Vowell
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

MARGARET ROUSE, Daughter and
and Executrix of the Estate of
HENRY SUNDERMYER,

     Petitioner,

   v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

     Respondent.

No. 12-439V
Special Master Vowell
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. A petition for vaccine compensation on behalf of the estate of Henry Sundermyer ("Mr. Sundermyer") was filed under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for Henry Sundermyer's injury and death, which petitioner alleges were caused by his receipt of the trivalent influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Sundermyer received a flu immunization on January 18, 2011.

3. The vaccine was administered within the United States.

4. Petitioner alleges that this immunization significantly aggravated Mr. Sundermyer's underlying COPD and other pulmonary conditions, and that he subsequently died as a result of his alleged vaccine-related injury.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Sundermyer as a result of his alleged injury or his death.

6. Respondent denies that the either the flu immunization or the pneumococcal immunization significantly aggravated any pre-exisiting condition, and denies that the flu immunization caused any other injury or his death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue a lump sum payment of $60,000.00 in the form of a check payable to petitioner as conservator/legal representative of Henry Sundermyer's estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

2

11. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as conservator/legal representative of Henry Sundermyer's estate under the laws of the State of California. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as conservator/legal representative of Henry Sundermyer's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as conservator/legal representative of the estate of Mr. Sundermyer at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as conservator/legal representative of the estate of Henry Sundermyer upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of the estate of Henry Sundermyer, on behalf of herself, the estate and Henry Sundermyer's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Henry Sundermyer resulting from, or alleged to have resulted from, the influenza and

3

pneumococcal vaccinations administered on January 18, 2011 , as alleged in a petition for vaccine compensation filed on or about July 9, 2012, in the United States Court of Federal Claims as petition No. 12-439V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza and pneumococcal vaccines caused or significantly aggravated any condition or caused his death.

16. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative of the estate of Henry Sundermyer.

END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

[signature]

MARGARET ROUSE

ATTORNEY OF RECORD FOR
PETITIONER:

[signature]

THOMAS P. GALLAGHER, ESQ.
GALLAGHER LAW FIRM
822 Shore Road
Somers Point, New Jersey 08244
(609) 926-6450

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

[signature]

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

[signature]

VITO CASERTA, M.D., M.P.H.
Acting Director, Division of
 Vaccine Injury Compensation (DVIC)
Director, Countermeasures Injury
 Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
 and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

[signature]

LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4133

Dated: July 1, 2013

5